IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OCTAVIOUS JOHNSON, DEMETRIUS JOHNSON, JUAQUEZ JOHNSON, SHARON JOHNSON and SHEREE JOHNSON, individuals, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV4 |
| v. | ) ) | |
| CITY OF OMAHA, a political subdivision, et al., | ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on defendants' motion to enforce the settlement agreement (Filing No. 143). The plaintiffs filed a letter in response (Filing No. 149). After reviewing the motion, the defendants' brief and index of evidence, plaintiffs' letter, and the applicable law, the Court finds as follows.

**Background**

On March 21, 2013, members of the Omaha Police Department were present at 3321 Seward Street, Omaha, Nebraska, to address unregistered automobiles located on the street. A dispute arose between members of the Johnson family and officers on the scene. One of the plaintiffs, Octavius Johnson ("Octavius"), was restrained by Officer Bradley D. Canterbury ("Canterbury"). During the interaction between Octavius and

Canterbury, Juaquez Johnson ("Juaquez") began filming the incident with a video camera.  The plaintiffs allege that Juaquez was approached by officers and followed into the house on 3321 Seward Street.  Demetrius Johnson ("Demetrius") is also alleged to have been filming the interaction on his cell phone.  When the officers entered the house, Demetrius claims that he was restrained and that plaintiff Sharon Johnson's ("Sharon") wheelchair was tipped over by the officers.  The Johnsons claim that Officer James T. Kinsella ("Kinsella") confiscated the memory card and video camera that were used by Demetrius and Juaquez to film the interaction.

Five members of the Johnson family filed this action against the City of Omaha, the Omaha Police Department,[1] and several of its current and former officers.  This Court ruled that bifurcation was appropriate in this case, and that separate trials will be held on the individual defendant officers' liability claims and the policy claims against the City of Omaha (Filing No. 75).

On April 18, 2016, Magistrate Judge Zwart held a settlement conference.  (*See* Filing Nos. 137, 138, and 142).  All the plaintiffs were present at the conference with their counsel.

---

[1] The Court has dismissed the Omaha Police Department as a party in a prior ruling (Filing No. 63).

In addition, defendants' counsel was present. Magistrate Judge Zwart explained the process of a settlement conference to the parties. Sharee Johnson made a statement on behalf of the plaintiffs before the formal settlement discussions began. The beginning and end of the settlement conference was on the record.

At 4:08 p.m., Magistrate Judge Zwart went on the record to announce that the parties had reached a resolution. (*Id.* at 13). Magistrate Judge Zwart explained that "after this is on the record and all parties have made their statement on the record that this is the settlement, that it is a full and final settlement of the case and there will be no renegotiation thereafter." (*Id.* at 14, lines 3-6).

Magistrate Judge Zwart recited the terms of the settlement for the record:

> The parties have agreed based upon the settlement conference that I have attended and presided over today that the City will pay an amount of $30,000 to the plaintiffs and that is $30,000 to the plaintiffs as a group, not $30,000 per plaintiff but $30,000 to the plaintiffs as a group, that that $30,000 will be in an offer to confess judgment -- oh, no, it will be a judgment in that amount. The City has also agreed that it will stipulate to pay $60,000 toward attorneys' fees, and so the judgment in this case would be $30,000 plus attorneys' fees to be

>             decided by the Court and that it
>             will -- all parties will waive
>             their costs in this case for a
>             total package from plaintiff -- or,
>             excuse me, from the defendant City
>             in the total amount of no more than
>             $90,000.  The -- each of the
>             individual defendants will be
>             dismissed with prejudice in this
>             case.

(*Id.*, lines 7-22). Mr. Mumgaard, attorney for the defendants, explained that the settlement needs to go though the City Council for a hearing and approval. Plaintiffs' counsel, Ms. Vogt, stated that the settlement terms stated on the record were correct. (*Id.* at 16).

Magistrate Judge Zwart, on the record, asked each plaintiff individually the following questions: (1) whether they were present and participated in the settlement conference; (2) whether they heard and understood the terms of the settlement; and (3) whether they agreed to those terms (*See Id.* at 16-18). Each of the plaintiffs answered in the affirmative to all of the questions. (*Id.*).

On May 17, 2016, the City Council approved the resolution reached at the settlement conference (Filing No. 145, Exhibit 2). The Johnson family objected at the City Council meeting and wanted to back out of the settlement (Filing No. 145, Exhibit 9). The resolution was signed by the Mayor on May 19,

-4-

2016 (Filing No. 145, Exhibit 2). Counsel for the defendants hand-delivered a certified copy of the resolution to the plaintiffs' attorney, with a cover letter, Rule 68 Offer of Judgment, Acceptance of the Offer, Motion to Obtain a Judgment, a proposed Judgment Order, Satisfaction of the Judgment, and a copy of the City's check drafted to pay the judgment amount. (*See* Filing No. 145, Exhibits 2, 3, 4, 5, 6, 7, and 8).

**Law and Analysis**

The defendants move this Court to enforce the settlement because the plaintiffs have failed to execute the settlement documents. The plaintiffs are challenging the settlement. The plaintiffs do not feel that every issue was addressed at the settlement conference. (*See* Filing No. 149, at 2). The plaintiffs state three reasons why they are challenging the settlement agreement. First, the plaintiffs did not know that the settlement agreement would end the entire case, because the case was bifurcated. (*Id.* at 3). Second, the plaintiffs thought that they needed to sign the settlement agreement to make it binding. (*Id.* at 4). Third, the plaintiffs were not allowed to leave the settlement conference, and therefore, thought they no longer had a say in the matter. (*Id.*).

The Court "has the inherent power to enforce a settlement entered into by the parties in a pending case." *Joe*

*Hand Promotions, Inc., v. Zulic*, No. 11-CV-1738, 2013 WL 1281993, at *1 (E.D. Mo. March 26, 2013)(citation omitted). A settlement agreement is governed by contract law. *Chaganti & Associates v. Nowotny,* 470 F.3d 1215, 1221 (8th Cir. 2006). "To have a settlement agreement, there must be a definite offer and an unconditional acceptance." *Fleming Co. of Nebraska, Inc., v. Michals*, 230 Neb. 753, 755, 433 N.W.2d 505 (1988). "The essential elements of a valid settlement agreement are the involvement of parties who are competent to contract, a proper subject matter, legal consideration, mutuality of obligation, and mutuality of agreement." *Chaganti & Associates*, 470 F.3d at 1221. A settlement agreement does not have to be written and signed to bind the parties. *Western Thrift and Loan Corp. v. Rucci*, 812 F.3d 722, 725 (8th Cir. 2016). The record made in open court is "sufficient to create an enforceable settlement agreement, even though the parties did not memorialize the agreement." *Id.*

The defendants direct the Court to *Unitarian Universalist Church of Minnetonka v. City of Wayzata*, ("*UUCM*"), in support of their motion to enforce the settlement. 890 F. Supp. 2d 1119 (D. Minn. 2012). In *UUCM*, the church was denied by the city to build a new, larger church. *Id.* at 1121. As a result, the church brought an action against the city claiming

that the city violated its First Amendment rights and the Religious Land Use and institutionalized Persons Act. *Id.* A magistrate judge held a settlement conference. After the parties reached a settlement agreement, the terms were read into the record, and the magistrate judge asked the parties directly whether they accepted the terms as a full and final settlement. *Id.* at 1121-22. As a matter of procedure, the City Council had to approve the settlement agreement. After the settlement conference, UUCM argued that they did not agree to material terms, and a binding settlement was not formed. The United States District Court for the District of Minnesota held that an agreement as to all essential terms was reached at the settlement conference. *Id.* at 1127. The court stated that the "'contingency' of City Council approval did not undermine the formation of that settlement agreement." *Id.* at 1126.

In this case, the Court finds that the parties have reached an enforceable settlement agreement. On the record, the parties agreed to the essential terms of the contract, *i.e.*, that the plaintiffs as a group would accept an offer of judgment for $30,000, the City of Omaha would pay $60,000 in attorneys' fees and costs, and that each of the individual defendants would be dismissed with prejudice (Filing No. 142 at 14-16). Counsel for both the plaintiffs and defendants stated that the above

<pre>
</pre>

<pre>
</pre>

mentioned terms were agreed to by the parties.  In addition, Magistrate Judge Zwart asked each of the five plaintiffs individually if they participated in the settlement conference, if they understood the terms, and if they agreed to the terms.  All five plaintiffs answered "Yes" to the questions.  Magistrate Judge Zwart clearly explained that "it is a full and final settlement of the case and there will be no renegotiation thereafter."  (*Id.* at 14).  Similar to the *UUCM* case, a binding agreement was formed at the settlement conference, and the plaintiffs cannot take back their agreement at the City Council meeting or anytime thereafter.  The defendants are entitled to enforce the settlement agreement.  The defendants' motion to enforce the settlement will be granted.  A separate judgment will be entered against the City of Omaha in accordance with the Rule 68 Offer of Judgment.

DATED this 22nd day of July, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court